UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| JAMES F. OSTERBUR, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 10-2277 |
| FEDERAL BUREAU OF | ) |
| INVESTIGATION, et al., | ) |
| | ) |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

In January 2011, Plaintiff James F. Osterbur filed an Amended Complaint (#13), naming the following Defendants: the Federal Bureau of Investigation, the U.S. Attorney General, the Solicitor General U.S.A., and the U.S. Attorney District Court.

Also in January 2011, the United States of America filed a Motion to Dismiss the Federal Bureau of Investigation and Any and All Other Federal Government Defendants as Party Defendants (#14). Plaintiff filed Plaintiff Response, To Motion to Dismiss Amended Complaint (#21). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C § 636(b)(1)(B), that Defendant's Motion to Dismiss the Federal Bureau of Investigation and Any and All Other Federal Government Defendants as Party Defendants **(#14)** be **GRANTED**.

### I. Background

Plaintiff, a pro se litigant, brings a complaint indicating the Court has committed an unspecified constitutional violation. He seeks to have a joint trial with all people in the nation to establish their first amendment rights, and to seek redress of unspecified grievances.

Defendant brings this motion to dismiss on the following bases: (1) failure to state a valid cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6); (2) failure to state a concise valid claim for relief in violation of Federal Rule of Civil Procedure 8(a)(2); (3) failure to

establish a valid waiver of sovereign immunity; and (4) lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant notes that this case is the sixth case where the United States has asked this Court to dismiss a complaint filed by this Plaintiff.[1]

## II. Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must give fair notice of what the claim is and the grounds upon which it rests. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). However, fair notice is not enough by itself; in addition, the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). In considering the plaintiff's factual allegations, the Court should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The application of the notice pleading standard is a context-specific task, in which the height of the pleading requirement is relative to circumstances. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (citing *Ashcroft v. Iqbal*,

---

[1]Recently, this Court has dismissed two other cases filed against United States defendants for failure to state a claim. Those cases are: *Osterbur v. Illinois*, No. 10-2055 (C.D. Ill. May 5, 2010); *Osterbur v. USA*, No. 10-2257 (C.D. Ill. June 7, 2011).

129 S.Ct. 1937, 1950 (2009)). Furthermore, district courts are required to liberally construe complaints filed by pro se litigants. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III. Discussion

A plaintiff need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). However, such statements must be supported by plausible factual allegations. *Tamayo*, 526 F.3d at 1083. When making determinations as to plausibility, a court may rely on judicial experience and common sense. *Cooney*, 583 F.3d at 971. In the case of pro se litigants, courts are required to liberally construe their claims. *Marshall*, 445 F.3d at 969. A court must also be mindful, however, that it should not allow defendants to be subjected to "paranoid pro se litigation . . . alleging . . . a vast, encompassing conspiracy" unless plaintiff meets a "high standard of plausibility." *Cooney*, 583 F.3d at 971; *see also Walton v. Walker*, 364 F.App'x. 256, 258 (7th Cir. 2010) (unpublished). Furthermore, a district court is entitled to draw upon its familiarity with a plaintiff's prior meritless litigation to conclude that a complaint consists only of naked assertions and delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Walton*, 364 F.App'x. at 258.

In Plaintiff's response to Defendant's motion to dismiss, Plaintiff attempts to clarify his claim against the FBI. Plaintiff indicates that the FBI failed to investigate constitutional violations committed by the government:

> If you think that is "too vague"/then be very specific: INSTEAD OF LIARS, who perjure themselves in a blatant effort to deny due process to me, this state called IL, and this nation. Protect us, as is your duty to investigate and defend "we the people". YOU ARE MERELY THE EMPLOYEE/by no means, and no rights, and no merit; is our employee allowed to call him or herself, "this USA". The limitations and conditions are: <u>You are not a ruler/you are not the owner/you are not immune from bad behavior and its consequences, or the laws of this state or nation in any other way. RATHER YOU ARE SWORN TO DEFEND AND OBEY, being servants to the law, rather than traitors in open rebellion against us all</u>. Prove me wrong.

(#21, p. 7).

3

From these statements, and others like it, the Court cannot construe Plaintiff's claims. Plaintiff does not make any specific factual allegations, and makes unspecified claims of constitutional violations. Furthermore, to the extent Plaintiff identifies broad issues such as general failure of United States employees to uphold the Constitution, these allegations address issues beyond the power of the federal courts to solve. *See Foster v. United States*, No. 10-356, 2010 WL 3394070, at *1 (W.D. Wis. Aug. 27, 2010). The Court concludes that a complaint such as this does not constitute a short and plain statement indicating the Plaintiff is entitled to relief. Even with the liberal construction that this court must employ in considering claims of a pro se litigant, the Court concludes that plaintiff has failed to state a claim for which relief may be granted.

### IV. Summary

For the reasons stated above, this Court recommends that Defendant's Motion to Dismiss the Federal Bureau of Investigation and Any and All Other Federal Government Defendants as Party Defendants **(#14)** be **GRANTED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986)**.**

ENTER this 14th day of July, 2011.

                                                        s/ DAVID G. BERNTHAL
                                                          U.S. MAGISTRATE JUDGE